UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ELBERT ANTHONY YARBROUGH,  ) NO. CV 19-4551-KS
                        **Petitioner,**  )
                                      )
         v.                       )  **MEMORANDUM OPINION AND ORDER**
                                      )
NDOH, et al.,                  )
                                      )
                        **Respondent.**  )
_____ )

## INTRODUCTION

On May 20, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ Of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, asserting one ground for relief (the "Petition"). (Dkt. No. 1.) On July 15, 2019, Respondent moved to dismiss the Petition on the ground that the sole claim in the Petition is not cognizable on habeas review (the "Motion"), and lodged with the Court the relevant state court records. (Dkt. Nos. 13, 14.) On September 5, 2019, Petitioner filed an Opposition to the Motion. (Dkt. No. 22.) The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 15.) The Court now takes the matter under submission.

1

# PRIOR PROCEEDINGS

On May 8, 2018, a Santa Barbara County court convicted Petitioner after a bench trial of possessing methamphetamine (Cal. Health & Safety Code, § 11377(a)), and trespassing on private property (CAL. PENAL CODE § 602(m)). (Petition at 1-2; Lodg. No. 1 at 1.) The trial court also found true various special allegations. (Lodg. No. 1 at 1.) Petitioner was sentenced to five years and eight months in state prison. (*Id.* at 1-2; Petition at 1.)

Petitioner appealed his judgment of conviction, arguing that the trial court erred in denying his motion to suppress evidence he alleged was obtained as a result of an unlawful search. (Petition at 2; Lodg. No. 1 at 2.) On February 5, 2019, the California Court of Appeal affirmed the judgment in a reasoned, unpublished decision. (Lodg. No. 1.) It held that Petitioner was subjected to a valid search incident to a lawful arrest and, therefore, the trial court properly denied the motion to suppress. (*Id.* at 3-6.) On April 24, 2019, the California Supreme Court summarily denied review without comment or citation of authority. (Lodg. No. 2.)

On May 20, 2019, Petitioner filed a § 2254 Petition in this Court. (Dkt. No. 1.) Petitioner presents one ground for habeas relief: he was subjected to an unlawful search and seizure in violation of his rights under the Fourth Amendment. (Petition at 6-7.) On July 15, 2019, Respondent moved to dismiss the Petition on the ground that Petitioner's Fourth Amendment claim is not cognizable on federal habeas review because it was rejected in state court after Petitioner had a full and fair opportunity to litigate the claim there. (Motion at 1-2.) On September 5, 2019, Petitioner filed an Opposition to the Motion, arguing that his unlawful search and seizure claim has merit and that his rights under the Fourth, Fifth, and Fourteenth Amendments were violated. (Dkt. No. 22 at 2-8.)

//
//

**DISCUSSION**

I. **Applicable Law**

The Supreme Court has held, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[1] *Stone v. Powell*, 428 U.S. 465, 494 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citations omitted) (superseded by statute on other grounds). California law, through California Penal Code § 1538.5, provides an avenue for defendants to litigate their Fourth Amendment claims as expressed in *Stone*. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The Ninth Circuit has held *Stone* remains good law even after the passage of AEDPA. *Newman v. Wengler*, 790 F.3d 876 (9th Cir. 2015) (*per curiam*).

II. **Analysis**

Petitioner seeks federal habeas relief on Fourth and Fourteenth Amendment grounds based on the state trial court's decision on a motion to suppress evidence. Petitioner does not state whether he is alleging that his opportunity for "full and fair litigation" in state court was violated because the motion hearing was not "full," because it was not "fair," or both. Petitioner instead appears to argue the merits of the search and seizure claim by alleging that he was searched without a warrant before he was arrested and, therefore, the search was not incident to arrest. (Petition at 6-7.) He reiterates in his Opposition to the Motion that there was no lawful basis for the search. (Dkt. No. 22 at 2-8.) This argument is not cognizable on

---

[1] Prisoners in state custody are guaranteed Fourth Amendment rights against unreasonable searches and seizures through the Fourteenth Amendment. *Stone*, 428 U.S. at 480-81.

3

federal habeas review. The only question the Court can consider is whether Petitioner had the opportunity to argue his Fourth Amendment claim in state court. *Stone*, 428 U.S. at 494.

Petitioner not only had the opportunity to argue his Fourth Amendment claim in state court, he *did* argue that claim in state court. Petitioner filed a motion to suppress evidence as provided under California Penal Code § 1538.5 (Lodg. No. 1 at 2), in which he challenged the legality of the search that resulted in the seizure of evidence. The trial court held a suppression hearing and, at its conclusion, denied the motion to suppress, reasoning that the police officer had probable cause to arrest Petitioner and that even if the officer did not arrest Petitioner until later, that does not negate the fact that probable cause existed at the time she conducted the search. (*Id.* at 2-3.) Petitioner was able to and did appeal the state trial court decision on his Fourth Amendment claim to the California Court of Appeal and to the California Supreme Court, both of which rejected the claim. (*Id.* at 3-6; Lodg. No. 2.)

As a final note, Petitioner cannot challenge the legality of the search and seizure at issue under the Fifth Amendment. *See generally Andresen v. Maryland*, 427 U.S. 463, 470-80 (1976) (discussing the scope of the constitutional protection against unlawful searches and seizures).

Accordingly, the Court finds that Petitioner had a full and fair hearing on his Fourth Amendment claim. Petitioner's effort to relitigate the constitutionality of the search of his person and seizure of the evidence obtained from that search, is therefore not cognizable on federal habeas review. *See Stone*, 428 U.S. at 494.

//
//
//
//
//

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Respondent's Motion To Dismiss is GRANTED; (2) the Petition is dismissed; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: October 16, 2019

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE